**SCHIFFMAN LAW OFFICE**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Serenita,<br><br>                                  Plaintiff,<br><br>vs.<br><br>The Prudential Insurance Company of America; The Long-Term Disability Plan of Lam Research Corporation,<br><br>                                  Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, John Serenita ("Serenita") alleges as follows:

**JURISDICTION AND VENUE**

1. At all relevant times, Serenita is a resident of Maricopa County, Arizona.

2. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company incorporated in Pennsylvania. Prudential is authorized to do business in Maricopa County, Arizona.

3. Defendant The Long-Term Disability Plan of Lam Research Corporation ("Plan") is a purported ERISA benefit plan established and maintained by Lam Research Corporation ("Lam Research") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Lam Research is the Plan Administrator.

4. Lam Research is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Prudential have caused events to occur in Arizona out of which Serenita's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. Prudential pays for and administers the Plan's LTD benefits.

9. Prudential is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. Prudential provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Serenita is entitled to benefits for the first 24 months when Prudential determines he is unable to perform with reasonable continuity the substantial and material acts necessary to pursue his usual occupation and when he is not working his usual occupation.

12. After the first 24 months of disability, Serenita is considered disabled if he is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Serenita is reasonably expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity.

13. At all relevant times, Serenita was a Lam Research employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Field Service Engineer on January 20, 2015.

14. The material and substantial duties of Serenita's occupation that he was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to sit, stand, or walk for more than twenty minutes in an hour, no more than 2.5 hours per day;
- Ability to work due to balance issues that affect his ability to crouch and squat;
- Ability to work due to memory issues and medication side effects that affect his ability to deal with equipment issues, perform proper field modifications, and maintain proper records.

15. Serenita was diagnosed with Lumbar Disc Disease/Degenerative Disc Disease and Chronic Pain.

16. Serenita became disabled on January 20, 2015 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

17. Prudential initially denied Serenita's claim on August 25, 2016.

18. Serenita submitted his first level of appeal on June 6, 2017.

19. Prudential overturned its decision with respect to the remainder of Serenita's own occupation benefits and agreed that he was entitled to benefits through July 18, 2017.

20. Prudential issued a new decision on June 26, 2017 which denied Serenita benefits under the any occupation definition of disability beginning July 19, 2017.

21. Serenita submitted his appeal of this decision on March 12, 2018.

22. Prudential issued its final denial on April 9, 2018.

23. Serenita is entitled to 60% of his Predisability Earnings from July 19, 2017 through the present.

24. Serenita received a fully-favorable decision on his claim for Social Security Disability Benefits on July 26, 2017. The Social Security Administration found Serenita

disabled as of January 20, 2015, with benefits commencing in July 2015, in the initial amount of $1,899.

25. Serenita's is entitled to a monthly LTD disability benefit in the amount of $1,602 from July 19, 2017 to the present. ($3,500.65 less his Social Security Disability Award of $1,899).

26. Serenita provided proof of his debilitating medical conditions. In addition, Serenita provided Prudential with completed attending physician statements and extensive medical records that support his disability.

27. Serenita has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

28. Serenita incorporates and realleges all previous allegations.

29. The Plan contains some language purporting to grant Prudential discretion and to give Prudential the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Serenita is entitled to de novo review.

30. Serenita became disabled on January 20, 2015 and remains unable to perform the duties of any other occupation for which he is qualified based on his age, education, training, experience, station in life, and physical and mental capacity.

31. Despite the coverage of Serenita's long-term disability, Prudential terminated LTD benefits after paying Serenita LTD for two years. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

32. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Serenita is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

33. Pursuant to 29 U.S.C. § 1132(g), Serenita is entitled to recover his attorneys' fees and costs incurred herein from Lam Research and the Plan.

34. Serenita is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Serenita prays for entry of judgment against Defendants as follows:

A. For all past benefits due Serenita under the terms of the Plan;

B. For an award of Serenita's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 3rd day of July 2018.

SCHIFFMAN LAW OFFICE, P.C.


By: /s/ Lisa J. Counters
    Lisa J. Counters